Nott, J.,
delivered tbe opinion of tbe court:
One Caldwell was a contractor for army transportation, and the claimant was bis sub-contractor, or agent, to perform. Fort Eeno was tbe terminus of tbe route, tbe place at which performance ended, according to tbe terms of both tbe original contract and of tbe agency. When tbe claimant’s wagon-train reached this terminus, tbe officers of tbe Quartermaster Department selected a portion of the freight, so as to materially affect tbe rate of compensation, and required tbe claimant to carry it beyond the prescribed route.
It was then tbe right of tbe claimant to elect whether be would treat this as distinct service performed by himself under an implied contract, or as additional service rendered by bis principal under tbe original agreement. He elected tbe latter, by dealing with bis principal and accepting pay from him for tbe service as bis agent. It is said that the principal acted as tbe agent of tbe claimant in presenting the demand and receiving tbe payment; but that cannot be, for be received pay at tbe rate prescribed by bis contract with tbe Government, and paid to tbe claimant at tbe rate prescribed by their agreement of agency. This tbe claimant with knowledge accepted and took. He, in effect, looked on and saw tbe Government settle with bis principal, and ratified tbe settlement by accepting a portion of its fruits. Thereby be is estopped from setting up his own demand now. The defendants cannot be required to pay his principal a profit under tbe original agreement and then respond to tbe agent on an implied contract in quantum meruit.
Tbe judgment of tbe court is that tbe petition be dismissed.